IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| LINDA MICHELLE NEAL, | ) |
| Plaintiff, | ) |
| v. | ) CV 113-076 |
| LARRY COLLINS, HR Manager, Thomson Plastics, and BRYAN WILLIAMS, Area Lead Person, | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned employment discrimination case *pro se*. As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

### I. BACKGROUND

Liberally construing Plaintiff's complaint, the Court finds the following. Plaintiff has named Larry Collins, the Human Resources Manager, and Bryan Williams, an Area Lead Person, both of whom work for Thomson Plastics, as Defendants in this case. (Doc. no. 1, pp. 1, 4, 7.) Plaintiff states that she has worked at Thomson Plastics twice, and that she returned to work there for her second time in February of 2013. (Id. at 6.)

Plaintiff reports that she spoke to a person named Brenda, who is also an Area Lead, about Defendant Williams, who was "getting fresh" with Plaintiff. (Id.) According to Plaintiff, Brenda told Plaintiff that she had already "heard about [Defendant Williams]" because he "do[es] a lot of women like that." (Id.)

Plaintiff then describes an incident where she was told to "go in Rework" and where Defendant Williams told her to "catch up these parts," but which Plaintiff states she was unable to do because she did not know how. (Id.) Plaintiff alleges that Defendant Williams became angry and used profane language against her, eventually telling her to go home. (Id. at 5-6.) Plaintiff avers that Brenda also told her to go home. (Id. at 5.)

When Plaintiff returned the next day, she avers that Brenda told her that "they don't want [her here] no more," and that when Plaintiff "asked her was it about [Defendant Williams]," Brenda "said yes." (Id.) Plaintiff alleges that she then told Brenda that Defendant Williams "was mad with [Plaintiff] because [she] wouldn't fool around with him." (Id.) Specifically, Plaintiff reports that Defendant Williams frequently tried to "rub against" Plaintiff, frequently asked her for her phone number and to take her out for dinner, and made sexually derogatory comments to Plaintiff. (See id.) Plaintiff asserts that she was "wrongfully fired," and she seeks "the money and other things" she has lost. (Id. at 6.)

## II. DISCUSSION

### A. No Individual Capacity Claims Under Title VII

Plaintiff has attempted to state Title VII claims against Defendants for the actions described above. However, "[i]ndividual capacity suits under Title VII are . . . inappropriate." Cross v. Alabama Dep't of Mental Health & Mental Retardation, 49 F.3d 1490, 1504 (11th Cir.

2

1995) (quoting Busby v. City of Orlando, 931 F.2d 764, 773 (11th Cir. 1991))). Rather, "the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." Id. Plaintiff does not specify whether she seeks to proceed against Defendants in their individual or official capacities. To the extent she is attempting to assert claims against Defendants in their individual capacities, however, such claims should be dismissed.

### B. No Title VII Claim Against Defendant Collins

Plaintiff has also named Larry Collins as a Defendant in this suit. (See doc. no. 1, pp. 1, 4.) In Plaintiff's "right to sue" letter, attached as an exhibit to her complaint, Larry Collins is identified as the "HR Manager" at Thomson Plastics. (Id. at 7.) However, Plaintiff makes no allegations concerning Defendant Collins in her Statement of Claim. (See id. at 5-6.) In the absence of any allegations against Defendant Collins connecting him with any type of misconduct, Plaintiff fails to state a claim for relief against him. See Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")); see also Brooks v. CSX Transp., Inc., 3:09-CV-379-J-32HTS, 2009 WL 3208708, at *4 (M.D. Fla. Sept. 29, 2009) (dismissal of three individual defendants from employment discrimination suit was appropriate, in part, because plaintiff's complaint "mention[ed] the three individual defendants only in passing and it [was] not clear what basis for liability, if any, exist[ed] as to these individuals.").

Even if the Court presumes that Plaintiff intends to name Defendant Collins as another

3

agent of her employer, however, he should still be dismissed. "[A] suit under Title VII brought against an employee as agent of the employer is regarded as a suit against the employer itself." Prescott v. Indep. Life & Acc. Ins. Co., 878 F. Supp. 1545, 1552 (M.D. Ala. 1995) (citing Busby, 931 F. 2d at 772). In a simultaneously issued Order, the Court has already directed service of process against Defendant Williams, whom Plaintiff has identified as a supervisor, in his official capacity as an agent of Thomson Plastics. Accordingly, Defendant Collins is simply unnecessary to this suit, as Plaintiff's claims may already proceed against her employer, Thomson Plastics, through Defendant Williams. See Marshall v. Miller, 873 F. Supp. 628, 632 (M.D. Fla. 1995) (dismissing additional employee defendants as "unnecessary" because, even if their conduct was relevant to plaintiff's claims against a sheriff's department, those claims were proceeding against the sheriff in his official capacity). Therefore, Defendant Collins should be dismissed from this lawsuit.

III. **CONCLUSION**

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's individual capacity claims against Defendants be **DISMISSED** from this case, and that Defendant Collins be **DISMISSED** from this case.[1]

SO REPORTED and RECOMMENDED this 21st day of June, 2013, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

---

[1] In a simultaneously issued Order, the Court is allowing Plaintiff to proceed with her Title VII sexual harassment claim against Defendant Williams in his official capacity as an agent of Thomson Plastics.